UNITED STATES of America, Appellant,

v.

William D. CAMPBELL, Appellee.

No. 75-1784.

United States Court of Appeals,
Tenth Circuit.

Submitted July 28, 1976.

Decided Sept. 30, 1976.

Rehearing Denied Dec. 23, 1976.

E. Edward Johnson, U.S. Atty., Topeka, Kan., and Richard D. Simpson, Asst. U.S. Atty., Kansas City, Kan., for appellant.

No brief was submitted on behalf of appellee.

Before PICKETT, McWILLIAMS and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

Appellee Campbell was charged in a two-count Information with possession of liquor (beer) intended for or which had been used contrary to the provisions of 26 U.S.C. § 5691, all in violation of 26 U.S.C. § 5686(a). The district court sustained a motion to dismiss the Information on the ground that under the circumstances Campbell could not be prosecuted for a violation of Section 5686(a).

At a hearing on the motion, it was developed that during the months of March and April, 1975, Campbell, as agent for others, purchased large quantities of Coors beer from Kansas retail dealers for shipment to eastern distributors. No contention was made that purchases were not in wholesale lots, or that the retailers from whom they were made had qualified as wholesale dealers by paying the statutory tax required by 26 U.S.C. § 5111(b). For the purpose of the motion Campbell admitted that he had made the purchases, was in possession, or had had possession of the beer. 26 U.S.C. § 5686(a) provides:

> It shall be unlawful to have or possess any liquor or property intended for use in violating any provision of this chapter or regulations issued pursuant thereto, or which has been so used, and every person so having or possessing or using such liquor or property, shall be fined not more than $5,000, or imprisoned not more than 1 year, or both.

26 U.S.C. § 5691(b) states that sales in quantities of 20 wine gallons or more to the same person at the same time shall be presumptive evidence of a wholesale transaction. The trial court recognized that "(t)he literal import of § 5686(a) is that the owner or possessor of liquor or property may be criminally prosecuted without reference to whether he himself used the property in violation of the underlying revenue statute or whether he personally had the requisite intention to do so." The court concluded, however, that the rationale of *United States v. U. S. Coin & Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), controlled, and further held that unless the accused person had been significantly in-

volved in the statutory violation there was no offense.[1]

In *Marchetti v. United States,* 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and *Grosso v. United States,* 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), the Court held that gamblers who failed to comply with the provisions of the Federal Occupational Tax Wagering Stamp Act could not be prosecuted under that law for failure to furnish information required by the statute because of the Fifth Amendment privilege against self-incrimination. The *Coin & Currency* case extended the same right to a forfeiture proceeding against property used in gambling activities. In its discussion of the case, the Court stated:

> . . . When the forfeiture statutes are viewed in their entirety, it is manifest that they are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise. It follows from *Boyd, Marchetti,* and *Grosso* that the Fifth Amendment's privilege may properly be invoked in these proceedings. (401 U.S., 721, 722, 91 S.Ct., 1045.)

The *Marchetti, Grosso,* and *Coin & Currency* cases presented a constitutional question which is not involved here. The clear language of Section 5686(a) makes it an offense to possess any liquor which is intended for use in violating the provisions of the Act or which has been so used. The section does not require that the possession be with knowledge or criminal intent. Regulatory statutes of this kind have generally been upheld. On the same day that *Coin & Currency* was decided, the Court held, in *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), that in charging the unlawful possession of a hand grenade it was not necessary to allege intent or knowledge. The Court stated:

> The Act requires no specific intent or knowledge that the hand grenades were unregistered. It makes it unlawful for

any person "to receive or possess a firearm which is not registered to him." By the lower court decisions at the time that requirement was written into the Act the only knowledge required to be proved was knowledge that the instrument possessed was a firearm. See *Sipes v. United States,* 8 Cir., 321 F.2d 174, 179, and cases cited. (401 U.S. at 607, 91 S.Ct. at 1117.)

With reference to validity of such regulatory statutes, the Supreme Court said, in *United States v. Dotterweich,* 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943):

> . . . The prosecution to which Dotterweich was subjected is based on a now familiar type of legislation whereby penalties serve as effective means of regulation. Such legislation dispenses with the conventional requirement for criminal conduct—awareness of some wrongdoing. In the interest of the larger good it puts the burden of acting at hazard upon a person otherwise innocent but standing in responsible relation to a public danger. *United States v. Balint,* 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604. . . . (320 U.S., 280, 281, 64 S.Ct., 136.)

A scholarly discussion of the subject is found in *Morrissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); cf. *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

We hold that the Information is sufficient to charge a violation of Section 5686(a) and that it should not have been dismissed. Reversed and Remanded with instructions to reinstate the Information.

---

1. In its decision, the district court said:

   This court must therefore conclude on the authority of *United States Coin & Currency* that notwithstanding the bald language of § 5686(a), that section will not sustain a criminal prosecution against a person who is not "significantly involved in a criminal enterprise" that offends a separate provision of the internal revenue laws.